IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NATACHA INGONGA BOLUMBU, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:20-CV-392-RP |
| WILLIAM BARR, et al. | § § | |
| Respondents. | § § | |

## **MEMORANDUM**

On May 5, 2020, the Court set a telephonic hearing for May 8, 2020, on its order to show cause for why a writ of habeas corpus should not be issued for Petitioner Natacha Ingonga Bolumbu ("Bolumbu").[1] (Show Cause Order, Dkt. 8; Hearing Order, Dkt. 11); *see* 28 U.S.C. § 2243. At the hearing, the parties should be prepared to discuss the following issues, supplementing those which they have already briefed:[2]

1. Bolumbu's petition for a writ of habeas corpus invokes 28 U.S.C. §§ 2241(a) and 2243. (Pet., Dkt. 1, at 1, 3–4). She asserts that the Court has jurisdiction to review her habeas claim. (*Id.* at 4). Respondents argue that "[t]he Fifth Circuit and district courts have held that courts lack jurisdiction under 8 U.S.C. [§] 1252(a)(2)(B)(ii) to review

---

[1] The Court also set a telephonic hearing at the same time in *Songo v. Barr*, No. 1:20-CV-389-RP (W.D. Tex. filed May 5, 2020) (Hearing Order, Dkt. 11), given the commonality of issues and counsel between the two cases. Though the Court noted that it would "hear from counsel on whether they would prefer to discuss the cases simultaneously or sequentially" at the hearing, the Court believes the jurisdictional issues Respondents raise in both cases are best discussed simultaneously. (Hearing Order, Dkt. 11, at 1 n.1).

[2] The Court notes that Bolumbu's reply is due on May 7, 2020, (*see* Show Cause Order, Dkt. 8, at 2). Though the scope of the reply is typically limited to addressing the arguments raised in the response, Bolumbu may (but need not necessarily) incorporate the issues the Court lists here in her reply in addition to discussing them at the hearing. *See, e.g.*, *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570 (W.D. Tex. 2019). She should not, however, raise entirely new arguments in her reply. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).

discretionary decisions to deny parole into the United States." (Resp., Dkt. 10, at 11–12). They cite *Loa-Herrera v. Trominski*, 231 F.3d 984, 990–91 (5th Cir. 2000), *Palacios v. Dep't of Homeland Sec.*, 407 F. Supp. 3d 691, 698 (S.D. Tex. 2019), and *Maldonado v. Macias*, 150 F. Supp. 3d 788, 794–95 (W.D. Tex. 2015) for the proposition that the Court lacks jurisdiction to review discretionary denials of parole because these decisions are committed to agency discretion by law. (Resp., Dkt. 10, at 11–12). However, do federal district courts retain jurisdiction under 28 U.S.C. § 2241 to hear habeas challenges to discretionary parole decisions when those challenges address "the legality of policies and processes governing discretionary decisions under the INA," *Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018), as opposed to the discretionary decision itself, *see Maldonado*, 150 F. Supp. 3d at 794? That is, does the distinction between "judicial review" and "habeas review" that the Supreme Court discussed in *I.N.S. v. St. Cyr*, 533 U.S. 289, 301–02, 305, 307 (2001)—which postdates *Loa-Herrera*—provide for jurisdiction over Bolumbu's claims in part because no final order of removal has been entered against her?[3]

   a. *See St. Cyr*, 533 U.S. at 301 ("At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."); *id.* at 305 ("The writ of habeas corpus has always been available to review the legality of Executive detention."); *id.* at 307 ("Habeas courts also regularly answered questions of law that arose in the context of discretionary relief. . . . Traditionally, courts recognized a distinction between eligibility for

---

[3] The Court notes that the Supreme Court is currently considering a related yet distinct question, on which it recently heard argument. *Dep't of Homeland Security v. Thuraissigiam*, No. 19-161 (U.S.).

       discretionary relief, on the one hand, and the favorable exercise of discretion, on the other hand.");

   b. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–76 (9th Cir. 2006) ("[I]n cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal to this Court, pursuant to 28 U.S.C. § 2241.");

   c. *See Gutierrez-Chavez v. I.N.S.*, 298 F.3d 824, 828 (9th Cir. 2002), *opinion amended on denial of reh'g*, 337 F.3d 1023 (9th Cir. 2003) ("Habeas is available to claim that the INS somehow failed to exercise discretion in accordance with federal law or did so in an unconstitutional manner. But habeas is not available to claim that the INS simply came to an unwise, yet lawful, conclusion when it did exercise its discretion."); *id.* at 829 "[T]he word 'review' in this context must mean only that courts can review whether the denial of discretionary relief involved a violation of federal law or the constitution.");

   d. *See also, e.g.*, *Nnadika v. Attorney Gen. of U.S.*, 484 F.3d 626, 632 (3d Cir. 2007); *Kellici v. Gonzales*, 472 F.3d 416, 419 (6th Cir. 2006); *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1367 (11th Cir. 2006); *Hernandez v. Gonzales*, 424 F.3d 42, 42–43 (1st Cir. 2005); *Bystron v. Hoover*, No. CV 3:20-602, 2020 WL 1984123, at *4 (M.D. Pa. Apr. 27, 2020); *Sallaj v. U.S. Immigr. & Customs Enf't ("ICE")*, No. CV 20-167-JJM-LDA, 2020 WL 1975819, at *2 (D.R.I. Apr. 24, 2020); *Aracely*, 319 F. Supp. 3d at 135; *Salas Velazquez v. Moore*, No. CIVASA08CA635XRNSN, 2008 WL 4890587, at *2 (W.D. Tex. Nov. 10, 2008); *Kambo v. Poppell*, No. SA-07-CV-800-XR, 2007 WL 3051601, at *7 (W.D. Tex. Oct. 18, 2007);

    e. *Cf. Loa-Herrera*, 231 F.3d at 986 (petitioners were not detained and sought judicial review); *Palacios*, 407 F. Supp. 3d at 696, 698 (S.D. Tex. 2019) (citing *Loa-Herrera*, 231 F.3d at 990–91) (similar); *Maldonado*, 150 F. Supp. 3d at 794–95 (citing *Loa-Herrera*, 231 F.3d at 990–91) ("[D]istrict courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

2. Respondents contend that "[a]s an arriving alien, Bolumbu's detention during removal proceedings is mandatory, and judicial review is precluded by statute" under 8 U.S.C. § 1252. (Resp., Dkt. 10, at 5). That statute "dictates a district court's jurisdiction for orders of expedited removal." *Rodrigues v. McAleenan*, No. 3:20-CV-0139-B, 2020 WL 363041, at *4 (N.D. Tex. Jan. 22, 2020). No order of expedited removal has been entered against Bolumbu. (*See* Resp., Dkt. 10, at 1–2). Does 8 U.S.C. § 1252 strip this Court of jurisdiction over her habeas claims?

3. Respondents contend that ICE "declined to exercise its discretionary parole authority because Bolumbu is barred from asylum pursuant to 8 C.F.R. [§] 208.13(c)(4)." (Resp., Dkt. 10, at 12). In *E. Bay Sanctuary Covenant v. Barr*, the district court found that 8 C.F.R. § 208.13(c)(4) was likely unlawful because (1) it likely conflicted with the asylum statute; (2) plaintiffs had shown the Government had skirted typical rulemaking procedures, raising "serious questions" about the rule's validity; and (3) the rule was likely arbitrary and capricious. 385 F. Supp. 3d 922, 938–957 (N.D. Cal.), *order reinstated*, 391 F. Supp. 3d 974 (N.D. Cal. 2019). The district court issued a nationwide injunction prohibiting the Government "from taking any action continuing to implement [8 C.F.R. § 208.13(c)(4)]" and ordered a

"return to the pre-Rule practices for processing asylum applications." *Id.* at 960. The Supreme Court stayed the nationwide injunction pending the disposition of the Government's appeal in the Ninth Circuit. *Barr v. E. Bay Sanctuary Covenant*, 140 S. Ct. 3, 3 (2019);[4] *see E. Bay Sanctuary Covenant v. Barr*, No. 19-16487 (9th Cir.).

   a. Assuming the Court has jurisdiction to review the legality of ICE's parole determinations, may ICE deny parole to an immigration detainee "pursuant to 8 C.F.R. [§] 208.13(c)(4)" if the Court finds that rule is likely substantively and procedurally invalid? (Resp., Dkt. 10, at 12).

   b. How, if at all, should the procedural posture of *E. Bay Sanctuary Covenant v. Barr* and its related cases affect the Court's determination? *See Rodrigues*, 2020 WL 363041, at *5 (finding it "inappropriate" to "consider the legality or constitutionality" of 8 C.F.R. § 208.13(c)(4) in light of the Supreme Court's stay of the nationwide injunction).

4. Is it within the Court's inherent authority to order Bolumbu's release upon a finding that it would be "necessary to meaningfully consider" her petition for a writ of habeas corpus "and to maintain the possibility of providing effective habeas remedy, should the Court decide that such a remedy is warranted"? *Sacal-Micha v. Longoria*, No. 1:20-CV-37, 2020 WL 1518861, at *3 (S.D. Tex. Mar. 27, 2020).

Additionally, the Court may find good cause to bifurcate the hearing into jurisdictional and merits phases, with the latter to be scheduled during the week of May 11, 2020. *See* 28 U.S.C. § 2243.

---

[4] Two Justices dissented from the grant of stay. They detailed the reasons the district court found 8 C.F.R. § 208.13(c)(4) likely unlawful, stating that the rule "may be, as the District Court concluded, in significant tension with the asylum statute" and "may also be arbitrary and capricious for failing to engage with the record evidence contradicting its conclusions." *E. Bay Sanctuary Covenant*, 140 S. Ct. at 5 (Sotomayor, J., dissenting). And they emphasized that "the rule the Government promulgated topples decades of settled asylum practices and affects some of the most vulnerable people in the Western Hemisphere—without affording the public a chance to weigh in." *Id.* at 5.

In that event, the Court may request that the parties file expedited supplemental briefing concerning a distinct set of issues in order to aid it in promptly rendering a decision.

    **SIGNED** on May 7, 2020.

                                       ROBERT PITMAN
                                       UNITED STATES DISTRICT JUDGE